**XIN QUAN LI, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 07–4784–ag.**

United States Court of Appeals, Second Circuit.

May 6, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Lesley McKay, Senior Litigation Counsel; Scott Rempell, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. JON O. NEWMAN and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xin Quan Li, a native and citizen of the People's Republic of China, seeks review of an October 10, 2007 order of the BIA, affirming the April 6, 2006 decision of Immigration Judge ("IJ") Michael W. Straus, which denied his motion to reopen. *In re Xin Quan Li,* No. A70 576 499 (B.I.A. Oct. 10, 2007), *aff'g* No. A70 576 499 (Immig. Ct. Hartford, Conn. Apr. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622–23 (2d Cir.2007). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Li's untimely motion to reopen.

Li argues that the BIA erred by relying on its precedential decisions to summarily

Acting Attorney General Peter D. Keisler as respondent in this case.

conclude that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Li's argument that he was eligible to file a successive asylum application is foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).